**ALD-158**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2994
_____

UNITED STATES OF AMERICA

v.

MAHMOUD AGUIBI,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00599-001)
District Judge:  Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021

Before:  MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Mahmoud Aguibi appeals pro se from the District Court's order denying his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The

Government has filed a motion for summary affirmance. For the following reasons, we

grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In the fall of 2015, Aguibi robbed ten deliverymen at gunpoint in Philadelphia. He

pleaded guilty in the District Court to five counts of Hobbs Act robbery, in violation of

18 U.S.C. § 1951(a), and two counts of using, carrying, and brandishing a firearm during

and in relation to two of the robberies, in violation of 18 U.S.C. § 924(c)(1). Aguibi was

sentenced to 180 months' imprisonment, followed by five years of supervised release,

and $6,225.44 in restitution. Aguibi is currently serving his sentence at Federal

Correctional Institution, Allenwood Low ("FCI Allenwood Low"). His anticipated

release date is July 26, 2028.

In May 2020, Aguibi filed a pro se motion for compassionate release based on

"extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).[1] In the

motion, Aguibi asserted that, due to numerous underlying health conditions—including

latent tuberculosis and a heart murmur—he was at risk of serious complications or death

should he contract COVID-19. He further asserted that he was unable to practice

---

[1] It is undisputed that Aguibi complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the District Court. See 18 U.S.C. § 3582(c)(1)(A) (providing that a prisoner can file a motion with the court upon the "lapse of 30 days from the receipt of [a request for compassionate release] by the warden of the defendant's facility.").

effective social distancing and hygiene at the prison in order to keep himself safe. With respect to the § 3553(a) sentencing factors, Aguibi asserted that "there is no evidence that the defendant poses a danger, being a first[-]time offender," Mot. 7, ECF No. 114, and that he had taken significant steps toward rehabilitation by participating in educational and job-readiness programs. Based on these reasons, he asked the District Court to modify his sentence to "time-served and or time served with the remainder of his sentence on supervised release with a condition of home confinement and order immediate release."[2] Mot. 8, ECF No. 114.

The District Court denied the motion, concluding that, after considering the parties' arguments and the 18 U.S.C. § 3553(a) factors, a reduction in Aguibi's term of imprisonment was not warranted.

Aguibi appealed. The Government now moves for summary affirmance. See 3d Cir. L.A.R. 27.4.

---

[2] To the extent that Aguibi requested a transition to home confinement, the Bureau of Prisons has the sole authority to place a prisoner in home confinement. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted); see also United States v. Alam, 960 F.3d 831, 836 (6th Cir. 2020) (explaining that the Coronavirus Aid, Relief, and Economic Security (CARES) Act, § 1203(b)(2), expands the power of the Bureau of Prisons to place a prisoner in home confinement as an alternative to compassionate release).

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  We may summarily affirm if "no substantial question is presented" by the appeal.  3d Cir. L.A.R. 27.4.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  Id. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(A)–(D).

4

III.

Having carefully reviewed the record and the parties' filings, we discern no abuse of discretion in the District Court's decision to deny the motion for compassionate release. The District Court reasonably determined that, in light of the seriousness of Aguibi's offenses, several of the § 3553(a) factors—including promoting respect for the law, providing just punishment for the offenses, and protecting the public from future crimes—counseled against compassionate release. The District Court also reasonably determined that the fact that Aguibi had served less than half of his 180-month sentence weighed against him. See Pawlowski, 967 F.3d at 331 ("[W]e cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors"). Lastly, contrary to Aguibi's contention, the District Court provided an explanation sufficient to show that he meaningfully considered the § 3553(a) factors. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (citation, quotation marks, and alteration omitted).

IV.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.